STATE OF NEW JERSEY, IN THE INTEREST OF
A., A JUVENILE.

Superior Court of New Jersey
Appellate Division

Submitted September 16, 1974—Decided September 30, 1974.

Before Judges COLLESTER, LORA and HANDLER.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Steven Zamrin,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. George H. Henningsen,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. A., a 17-year-old juvenile, pleaded guilty to a complaint charging him with delinquency in violation of *N. J. S. A.* 2A:4–14 *et seq.* by having in his possession "an offensive weapon, to wit: a Uniwerk, Vulcanic .22 caliber toy pistol" when he reported to a group therapy session at the Camden County Probation Office. He was committed to the Youth Correction Center at Yardville for an indeterminate term.

Before accepting the plea the judge directed that testimony be presented concerning the charge. The evidence showed that A. reported for the group therapy session accompanied by G., his brother, and J., a friend. The latter two juveniles were told to wait in the hallway while A. attended the session. Shortly thereafter J. entered the office, pointed a gun at Norman Helber, a probation officer, and Andrew Amon, an investigator, and threatened to shoot them. Both Helber and Amon were frightened because they were unaware that the gun was a toy. J. was persuaded by G. and Amon to leave the office while Helber called the police. When the police arrived they recovered the gun J. had displayed. Upon learning that A. had another gun they proceeded to

search him and discovered that A. had thrown his gun out of the window. A. admitted that he had acquired possession of the two toy guns, which resembled real guns, and that he had given J. the gun used to threaten the probation officers.

■ A. appeals, contending the court erred in accepting his guilty plea. He alleges that possession of a toy gun is not a criminal act if committed by an adult and therefore was not an act of juvenile delinquency under *N. J. S. A.* 2A :4–14. While possession of a toy gun by an adult is not a crime we think it is clear that A.'s conduct was an act of juvenile delinquency. *N. J. S. A.* 2A :4–14(2) (m) proscribes "Deportment endangering the morals, health or general welfare of said child." The toy guns brought by A. and J. to the probation office resembled deadly weapons. They were sufficiently realistic to frighten the probation officers and resulted in a call for police assistance. The brandishing of the gun by J. which the probation officers believed was a real weapon could have provoked retaliatory action by the police against both J. and A., hence the juvenile's welfare was endangered.

■ The juvenile, who was represented by counsel at the hearing, was well aware of the misconduct charged and the trial judge properly ascertained all the facts in an evidentiary hearing before the guilty plea was accepted. While the complaint could have been more artistically phrased, the failure to set forth the charge with greater specificity was not a ground for dismissal of the complaint since the juvenile was not misled thereby to his prejudice. *R.* 5 :8–1. See *State in the Interest of A. R.,* 57 *N. J.* 71 (1970).

We conclude that under the circumstances of this case the trial judge did not err in accepting the juvenile's guilty plea. Accordingly the judgment of juvenile delinquency is affirmed.