Finally, as we observed in *State v. Horn,* 120
*N. J. Super.* 203, 207 (App. Div. 1972), with reference
to the question of the authority of county police to enforce
load restrictions on county bridges in view of *N. J. S. A.*
39:3–84.3, "it would be incongruous to hold that county
policemen are without power to compel adherence to load
restrictions" on the public highways of this State by the is-
suance of a summons for a violation.[1] There is no indication
in *N. J. S. A.* 39:3–84.3 or elsewhere that the general power
of county police to issue summonses for violations of *Title
39* is in any way curtailed.

Affirmed.

STATE IN THE INTEREST OF
W. E. C., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 2, 1979—Supplemental Memoranda Submitted
January 3 and 5, 1979—Decided January 16, 1979.

---

Before Judges Conford and Pressler.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Roy H. Tanzman,* Assistant Deputy Public Defender, of counsel and on the brief and supplemental memorandum).

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent (*Ms. Ruth Schlesinger Sherman,* Deputy Attorney General, of counsel and on the brief; *Ms. Helen E. Szabo,* Deputy Attorney General, on the supplemental memorandum).

Per Curiam. The appellant juvenile was engaged in a loud verbal altercation with the driver of a pickup truck who was attempting to enter the parking area of a commercial mall when appellant was standing in or walking past the entrance. Hearing the disturbance, local police intervened and, when one of them asked him what the problem was, appellant, according to the State's evidence in the juvenile delinquency proceedings below, became belligerent and yelled loudly that it "was none of [the officer's] fucking business." He continued arguing with the driver, whereupon one of the officers took his elbow to lead him aside. Appellant screamed at them to "take [their] fucking hands off him or he would kick their white asses" (appellant was a 17-year-old black). This was repeated to the point that a small group of shoppers gathered to watch and listen. The police attempted to remove appellant by police patrol

car, whereupon the juvenile spat in an officer's face, repeated that action later, and kicked two of the officers, inflicting painful bruises on one of them.

Appellant was charged with three acts of juvenile delinquency labelled "disorderly," with specification of "2A: 170–29" and "2A:170–26" as the statutes offended had the acts been committed by an adult. Substantively, the charges were of using loud and offensive language and of two acts of "assault and battery on a police officer * * *," one being the spitting and the other the kicking. The statutes cited constitute as disorderly conduct, respectively, the offenses of uttering loud and offensive language in a public place and of assault or assault and battery.

One of the grounds of appeal here assigned is the grant by the trial judge of the State's motion prior to the hearing to amend the complaint to charge two acts of assault and battery on a police officer, in violation of *N. J. S. A.* 2A:90–4, which constitutes that offense a high misdemeanor as contrasted with the disorderly persons offenses originally charged. The court in granting the amendment indicated it was relying upon an appellate decision which it understood to hold that there was no such disorderly persons offense as assault and battery when the victim of the offense was a policeman and that such conduct constituted only the indictable crime proscribed by *N. J. S. A.* 2A:90–4. The decision alluded to is *State v. Moran,* 136 *N. J. Super.* 188 (App. Div. 1975), aff'd 73 *N. J.* 79 (1977).

Defendant was found guilty of delinquency on all charges after offering purportedly exculpatory testimony, including the fact that he had been called "nigger" by the truck driver, and he was given concurrent indeterminate sentences at Yardville.

I

We deal first with the amendment to charge the indictable offense of assault and battery on a police officer. Pre-

liminarily, we reject the State's contention that the amendment is harmless because the ultimate adjudication is juvenile delinquency and it makes no difference as to the kind of delinquency adjudicated. We disagree. The order of disposition recites the statute offended under the adjudication, and it is obvious that a record of delinquency for commission of what would be a high misdemeanor as distinguished from what would be disorderly conduct if committed by an adult can have substantial adverse effects on the juvenile's future, particularly in the event of later brushes with the law. In addition, the period of confinement and parole may not exceed the maximum provided by law for the offense if committed by an adult. *N. J. S. A.* 2A:4-61(h).

We are in disagreement with the trial court's holding that the act of assault and battery on one who at the time is a police officer is, if committed by an adult, subject to prosecution only as the high misdemeanor ordained by *N. J. S. A.* 2A:90-4 and not as a disorderly persons offense. The court's ruling was based on language contained in *State v. Moran, supra,* 136 *N. J. Super.* at 192. However the view expressed in *Moran* is at variance with and without consideration of the contrary doctrine expressed by the Supreme Court in *State v. States,* 44 *N. J.* 285, 291-292 (1965). In *States* defendant sought to have an assault and battery complaint dismissed in municipal court on the theory that since the alleged assault was upon a municipal police officer it was mandatory to charge under *N. J. S. A.* 2A:90-4, thereby entitling him to a jury trial in County or Superior Court. 44 *N. J.* at 291. The Supreme Court, in rejecting the contention, stated that

The mere fact that two statutes overlap in prohibiting the same act does not mean that the later law automatically repeals the earlier one *pro tanto,* or that an alleged offender can only be prosecuted for the more serious offense. Repeals by implication are not favored and it is a cardinal rule of statutory construction that both laws should be given effect if reasonably possible. It is not sufficient merely to show that a subsequent act covers some of the cases

encompassed by the earlier one. The legislative intention to repeal must be manifest; the language must admit of no other reasonable interpretation. *State v. Fary, supra* [16 *N. J.* 317] ; *Swede v. City of Clifton*, 22 *N. J.* 303, 317 (1956).

We see no such incompatibility between the two enactments under discussion here. In order to justify invocation of L. 1962, c. 39, the conditions prescribed must be met: (a) the officer must be in uniform ; (b) or exhibiting evidence of his authority; and (c) he must be acting in the performance of his duty (or presumably not acting in excess of his authority) when the alleged assault and battery on him takes place. Otherwise the offense, if any, would be a simple assault and battery under *N. J. S. A.* 2A:170-26, *N. J. S. A.* It might be also that the attack on the officer was of such an inconsequential character that the prosecuting authority would not feel justified in charging the more serious offense. Relevant practical factors as well as considerations of fair play, and the reasonable expectations of the Legislature and the public relating to control of the conduct proscribed, are permitted to influence the discretion of the proper authority as to the course to be followed. See *State v. Currie*, 41 *N. J.* 531 (1964) ; *State v. Berry*, 41 *N. J.* 547 (1964).

In many situations where criminal statutes overlap in prohibiting the same basic act, the proper prosecuting authortiy in the sound exercise of the discretion committed to him may proceed under either act. [44 *N. J.* at 291-292]

See *State v. Gledhill*, 67 *N. J.* 565, 573-574 (1975).

It should be noted that the affirmance by the Supreme Court in *Moran* was not an approval of the dictum in the Appellate Division that a "simple" assault is absolutely and inevitably a high misdemeanor if the victim is a police officer. *States* is not referred to in *Moran* and cannot be considered to have been overruled *sub silentio*.

It thus being clear that simple assault and battery committed on a police officer can be treated by prosecuting authorities either as disorderly conduct or as a high misdemeanor, the real issue here is whether, under *R.* 5:9-3 (b), dealing with amendment of complaints in juvenile proceedings, the State had the right to have the disorderly persons offense originally charged against this juvenile converted by amendment into a high misdemeanor offense. Our conclusion is in the negative. The rule reads:

*Amendment of Complaint.* The Court may amend the complaint to correct an error in form or the description of the offense intended to be charged or to charge a lesser included offense provided that the amendment does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in his defense on the merits. The court may adjourn the hearing for such time and on such terms as it deems proper.

As to the offenses here "intended to be charged," there can be no doubt they were expressly denominated in the complaints as "disorderly" and the statute rendering assault and battery a disorderly persons offense was cited. *N. J. S. A.* 2A:170–26. We further conclude that the high misdemeanor of assault on a police officer is "another or different offense from" the disorderly persons offense of simple assault and battery, albeit on a police officer, at least for purposes of amendment of a complaint of juvenile delinquency in circumstances such as those here presented. Thus the rule did not authorize the amendment. This was preeminently a case in which a characterization of the juvenile's conduct as rising to the seriousness of a high misdemeanor would have been highly inappropriate. In the language of *State v. States, supra,* the police as the initial prosecuting authorities undoubtedly felt that the assaultive actions of the juvenile were "of such an inconsequential character that [they] would not feel justified in charging the more serious offense." 44 *N. J.* at 291–292.

The State relies heavily on *State v. Bott,* 53 *N. J.* 391 (1969). We regard this case as inapposite. First, it dealt with amendment of an indictment, not a juvenile complaint. Second, it concerned a case where the statute cited in the original indictment had no substantive application whatever to the offense described, as construed by the court. In the present case, of course, the original complaint does encompass a known offense. Finally, the court in *Bott* was not construing present *R.* 5:9–3(b) or even its present analogue in relation to amendments of indictments, *R.* 3:7–4. Nor are we persuaded of the applicability in the peculiar fact situation here presented of the other cases cited by the State.

We hold that the amendment of the complaint was either beyond the power of the trial court or a mistaken exercise of discretion. This conclusion, however, does not warrant dismissing the charge. The substantive offenses of juvenile delinquency in the character of disorderly conduct in committing the assaults and batteries were fairly tried and defendant not prejudiced by the purported amendment. The assault and battery dispositions will be amended to recite violations of *N. J. S. A.* 2A:170–26 rather than 2A:90–4, and the matter remanded for consideration of the appropriate sentence in the light of the reduced character of the offense.

## II

Appellant contends that the language he uttered will not support guilt of *N. J. S. A.* 2A:170–29 (1) under the constitutional criteria recognized by the Supreme Court in *State v. Rosenfeld,* 62 *N. J.* 594, 603–604 (1973). We do not agree. Under *Rosenfeld* and *State v. Brown,* 62 *N. J.* 588, 591 (1973), when offensive language is directed specifically to another individual or individuals and is of such a nature and uttered in such circumstances as likely to result in an immediate breach of the peace, the conduct may be considered constitutionally proscribed by *N. J. S. A.* 2A:170–29 (1), *i. e.,* not protected by the First Amendment. The language used by appellant and the circumstances of its use in direct reference to the police officers met the test just recited, and *State v. Brown, supra,* is directly in point. It is irrelevant that one of the officers testified he was not offended by the language. The test is objective, not subjective.

The disposition on this charge is affirmed.

Modified in part and remanded, and affirmed in part, consistent with this opinion.