81 N.J. 442 (1979)
409 A.2d 798
STATE IN THE INTEREST OF W.E.C.
The Supreme Court of New Jersey.
Argued October 9, 1979.
Decided December 12, 1979.
*444 Ms. Ruth Schlesinger Sherman, Deputy Attorney General, argued the cause for appellant State of New Jersey (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Ms. Ruth Schlesinger Sherman and Mr. Edward H. Stern, Deputy Attorneys General, of counsel).
Ms. Rosemary K. Reavey, Assistant Deputy Public Defender, argued the cause for respondent W.E.C. (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
The opinion of the court was delivered by SULLIVAN, J.
This appeal involves the propriety of certain amendments to complaints charging W.E.C., the juvenile herein, with delinquency. The amendments were allowed by the Juvenile Court immediately prior to the commencement of the hearing on the complaints. The Appellate Division, in an opinion reported at 165 N.J. Super. 161 (1979), held that the amendments were in violation of R. 5:9-3(b) as well as a mistaken exercise of discretion and, therefore, improper. We conclude otherwise.
W.E.C. was involved in an altercation with two police officers who had responded to a disturbance in the parking area of a shopping mall. The underlying facts are set forth in the Appellate Division opinion and need not be repeated. 165 N.J. Super. at 164-165.
*445 As a result of the altercation, W.E.C. was taken into custody and each officer swore out a complaint charging him with delinquency. One complaint charged that W.E.C. "did commit an assault and battery on a police officer by spitting into the officer's face several times while being placed under arrest and while inside the police station."[1] The other complaint, after identifying the complainant as a police officer, charged that W.E.C. "did commit an assault and battery on the complainant by kicking the complainant about the legs." Both complaints alleged that such conduct, if committed by an adult, would constitute a violation of N.J.S.A. 2A:170-26, the disorderly person offense of simple assault and battery.
Just prior to the commencement of the hearing in Juvenile Court, the prosecutor moved to amend the complaints so as to change the statutory citations from N.J.S.A. 2A:170-26 (simple assault and battery) to N.J.S.A. 2A:90-4 (assault and battery upon a police officer, a high misdemeanor). Counsel for W.E.C. objected to the amendment but the trial court ruled that "all assaults on a police officer are cognizable under" N.J.S.A. 2A:90-4. The court offered to continue the case if "surprise" was claimed. However, counsel for W.E.C. declined the offer saying that surprise was not the basis of his objection.
A hearing was then held on the amended complaints at which the two officers and W.E.C. testified. At the conclusion, the court found that all charges had been sustained and adjudged W.E.C. a delinquent. Based on a prior juvenile record of repeated antisocial conduct, the court sentenced W.E.C. to concurrent indeterminate terms at the Youth Reception and Correction Center at Yardville.
*446 On appeal, the Appellate Division held that, contrary to the trial court's statement of reasons, an assault on a police officer could be treated by the prosecuting authorities either as merely disorderly conduct, or as a high misdemeanor. We agree that, depending on the facts and circumstances, the prosecuting authority would have such discretion. See State v. States, 44 N.J. 285, 291-292 (1965).
However, the Appellate Division also held that the amendments herein were improper and in violation of R. 5:9-3(b) which provides:

Amendment of Complaint. The Court may amend the complaint to correct an error in form or the description of the offense intended to be charged or to charge a lesser included offense provided that the amendment does not charge another or different offense from that alleged and the defendant will not be prejudiced thereby in his defense on the merits. The court may adjourn the hearing for such time and on such terms as it deems proper.
The Appellate Division held that since the complaints originally denominated W.E.C.'s conduct as a disorderly person's offense, the amendments, which changed the denomination to that of assault on a police officer, charged "another or different offense." The Appellate Division noted that a record of delinquency for commission of what would be a high misdemeanor, as distinguished from what would be disorderly conduct, if committed by an adult, can have "substantial adverse effects on the juvenile's future, particularly in the event of later brushes with the law." The Appellate Division added that under the Juvenile Court Law, N.J.S.A. 2A:4-61(h), "the period of confinement and parole may not exceed the maximum provided by law for the offense if committed by an adult."
We conclude that the Appellate Division took too narrow a view of R. 5:9-3(b). That rule should be read in conjunction with R. 5:8-1(a) which in pertinent part states that error in the juvenile complaint in testifying "the laws so violated by the juvenile * * * is not ground for dismissal of the complaint *447 if the juvenile has not been misled thereby to his prejudice." Here the amendments to the complaint did not charge W.E.C. with "another or different offense" from that alleged in the original complaints and he was not prejudiced thereby in his defense on the merits. The charges of delinquency were still bottomed on the same allegations that W.E.C. had committed an assault and battery on one police officer by spitting into the officer's face several times, and on the other by kicking him about the legs. The only change made was in the designation of what the offense would have been if these acts had been committed by an adult.
In State v. Bott, 53 N.J. 391 (1969), the defendants had been indicted under the general receiving statute, N.J.S.A. 2A:139-1, for receiving a stolen automobile. They moved to dismiss the indictment on the ground that the Legislature had passed a specific statute covering the receiving of stolen motor vehicles, N.J.S.A. 2A:139-3, and that they could be indicted only under the specific statute and not the general receiving statute. We agreed. However, instead of ordering the indictment dismissed, we held that the indictment should be amended to charge a violation of the specific statute. It was noted that the conduct charged to defendant remained the same (receiving a stolen automobile), that the evidence presented to the Grand Jury would support an indictment charging a violation of the specific statute and that the proof at trial would be the same. We observed: "We do not see how the defendants could possibly be harmed by simply changing the reference to the statute allegedly violated." 53 N.J. at 403. In so holding, we were aware that an indictment under N.J.S.A. 2A:139-3 exposed a defendant to more severe punishment than provided for under N.J.S.A. 2A:139-1. See also State v. Godfrey, 139 N.J. Super. 135 (App. Div. 1976), certif. den. 73 N.J. 40 (1976); State v. Blackman, 125 N.J. Super. 125 (App.Div. 1973).
The key to the sufficiency of the indictment on such situations is whether it gives the defendant adequate notice to *448 prepare his defense. State v. Boratto, 80 N.J. 506, 518 (1979); State v. Wein, 80 N.J. 491, 497 (1979). This Court has held that "[t]he test of the adequacy of an indictment is whether the document in reasonably understandable language communicates to the defendant the essential factual ingredients of the offense." State v. Boratto, supra, 80 N.J. at 518. Also, we saw as permissible (and in fact recommended), for sake of clarity, amendment by a trial court of an "inartful" indictment, even though such amendment was not necessary since a complete reading of the full indictment provided the defendant with adequate notice to prepare his defense. Id. at 521, 522; see State v. LaFera, 35 N.J. 75, 81, 87-89 (1961). See also, with regard to juvenile complaints, State in Interest of J.M., 57 N.J. 442, 445 (1971); State in Interest of A.R., 57 N.J. 71, 73 (1970) ("the end sought is fair notice"); State in Interest of A., 130 N.J. Super. 138, 140 (App.Div. 1974). Thus, the particular requisite factual elements and the particular allegations must be examined for their completeness with regard to notice. See State v. Wein, supra, 80 N.J. at 497-501.
It is well to point out that the court's scrutiny of the adequacy of a charge in an indictment would ordinarily be stricter than its assessment of the sufficiency of a juvenile complaint. The language of an indictment "must be definite and precise enough to preclude the possibility of a substitution by the petit jury in the criminal trial of an offense different from the crime which the grand jury in fact considered and charged." State v. Wein, supra, 80 N.J. at 497; accord, State v. Boratto, supra, 80 N.J. at 519. This safeguard requirement of definiteness and precision in the indictment is constitutionally grounded. N.J.Const. (1947), Art. I, par. 8; see State v. LaFera, supra, 35 N.J. at 81; State v. DiPaolo, 34 N.J. 279, 285 (1961), cert. den. 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961); State v. Grothmann, 13 N.J. 90, 95-97 (1953); State v. Spano, 128 N.J. Super. 90, 92 (App.Div. 1973), aff'd 64 N.J. 566 (1974). However, in some respects, "[t]he full complement of constitutional *449 rights does not attach [to juvenile delinquency proceedings]." State in Interest of W.O., 100 N.J. Super. 358, 362 (App.Div. 1968). One such constitutional right inapplicable to juvenile delinquency determinations is the right to be indicted only by a grand jury. State in Interest of Carlo, 48 N.J. 224, 235 (1966); see In re Gault, 387 U.S. 1, 14, 87 S.Ct. 1428, 18 L.Ed.2d 527, 538-539 (1967).
The same principle of adequacy applies here. The acts of misconduct charged to W.E.C. were unchanged by the amendments. The evidence against him remained the same. He was not prejudiced in any way "in his defense on the merits." Rule 5:9-3(b) permits an amendment to a juvenile complaint "to correct an error in form or the description of the offense intended to be charged." However, "the complaint in juvenile proceedings need not be drawn with the same exactitude as a criminal complaint." State in Interest of L.B., 99 N.J. Super. 589, 594 (J. & D.R.Ct. 1968). See also State in Interest of L.N., 109 N.J. Super. 278, 286-287 (App.Div. 1970), aff'd per curiam 57 N.J. 165 (1970), cert. den. sub nom. Norman v. New Jersey, 402 U.S. 1009, 91 S.Ct. 2194, 29 L.Ed.2d 431 (1971). Error in specifying in the juvenile complaint "the laws so violated by the juvenile" so as to support a charge of delinquency "is not ground for dismissal of the complaint if the juvenile has not been misled thereby to his prejudice." R. 5:8-1(a); see State in Interest of A.R., supra, 57 N.J. at 73; State in the Interest of A., supra, 130 N.J. Super. at 140. As this Court has explicated:
Although the rule [R. 5:8-1(a)] speaks of a statutory citation only if the conduct would be a substantive offense if committed by an adult, the rule of course does not foreclose a citation of a specific provision of the juvenile statute. Such a reference should ordinarily be made, but the end sought is fair notice and neither a failure to cite nor a miscitation will be fatal if the juvenile is not misled to his prejudice. [State in Interest of A.R., supra, 57 N.J. at 73]
This is further evidence that the primary consideration here is that of notice. What R. 5:9-3(b) prohibits is an amendment which charges "another or different offense from that alleged." *450 Its purpose is to prevent a juvenile from being prejudiced by an amendment "in his defense on the merits."
That is not the present case. The only prejudice claimed is the "substantial adverse effects" on the juvenile as set forth in the Appellate Division opinion. However, the juvenile's ability to defend on the merits was not prejudiced thereby. It is conceded that the prosecutor instead of amending the original complaints could have filed a new complaint citing N.J.S.A. 2A:90-4, the high misdemeanor statute. W.E.C. then would have been exposed to the same "substantial adverse effects" but obviously could not have claimed prejudice.
The Appellate Division also indicated that this matter was "preeminently a case in which a characterization of the juvenile's conduct as rising to the seriousness of a high misdemeanor would have been highly inappropriate." 165 N.J. Super. at 168. Suffice it to say that this was a fact issue for the Juvenile Court to decide. We find sufficient proofs in the record to support the Juvenile Court's findings. That part of the ruling by the Appellate Division which modified the assault and battery dispositions is reversed and the judgment of the Juvenile Court is reinstated in its entirety.
For reversal in part and reinstatement  Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK  6.
For affirmance  None.
NOTES
[1] This complaint also charged W.E.C. with using foul and offensive language to the officer. The Appellate Division upheld the finding of delinquency as to this.