STATE OF NEW JERSEY IN THE INTEREST OF K.A.W.,
JUVENILE-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 16, 1985—Decided January 21, 1986.

Before Judges MORTON I. GREENBERG, J.H. COLEMAN and LONG.

*Kenneth A. Pagliughi*, Prosecutor of Cumberland County, attorney for appellant (*Kathleen A. Berkheiser*, Assistant Prosecutor, on the letter brief).

*Thomas S. Smith*, Acting Public Defender, attorney for respondent (*Susan T. Sinins*, Assistant Deputy Public Defender, of counsel and on the letter brief).

The opinion of the court was delivered by

COLEMAN, J.H., J.A.D.

The question raised in this appeal is how exact must the dates of alleged offenses be stated in a juvenile complaint. On February 11, 1985 a complaint was lodged against K.A.W., a 17 year old juvenile, charging him with juvenile delinquency, contrary to *N.J.S.A.* 2A:4A–23 based on conduct if committed by an adult would constitute sexual assault in violation of *N.J.S.A.* 2C:14–2b. The complaint alleged that the sexual assaults were committed with a seven year old female in "midyear 1984." Before trial commenced, counsel for the juvenile filed a motion to dismiss the complaint or in the alternative to require the State to give more specific times of the alleged sexual assaults. On the return date of the motion, the State amended the complaint to allege that the sexual assaults occurred on "diverse dates in January 1983 through August 1984." After permitting the amendment, the trial judge dismissed the complaint with prejudice because the 20 month time period was too inexact to permit the juvenile to be able to prepare a defense.

The State has appealed, contending that (1) the juvenile offender is not entitled to more specific dates, and (2) "the State's interest in prosecuting this case outweighs any danger of prejudice to defendant."

Fundamental due process requirements are applicable to juvenile delinquency charges. *Application of Gault*, 387 *U.S.* 1, 33–34, 87 *S.Ct.* 1428, 1446–1447, 18 *L.Ed.*2d 527, 549–550 (1967); *State in Interest of W.E.C.*, 81 *N.J.* 442 (1979). However, "[j]uvenile proceedings are not criminal proceedings...." *State In Interest of T.L.O.*, 94 *N.J.* 331, 342, n. 5 (1983), *rev'd on other grounds*, 469 *U.S.* ——, 105 *S.Ct.* 733, 83 *L.Ed.*2d 720 (1985). Rather they are proceedings to determine if the juvenile is a delinquent as defined by *N.J.S.A.* 2A:4A–23. The polestar for determining the sufficiency of a juvenile complaint is whether the complaint gives a juvenile offender notice of what he must defend against. "[T]he complaint in juvenile proceedings need not be drawn with the same exactitude as a criminal complaint." *State In Interest of L.B.*, 99 *N.J.Super.* 589, 594 (J. & D.R.Ct.1968); *State In Interest of W.E.C., supra*, 81 *N.J.* at 449. See also *N.J.S.A.* 2A:4A–30a(3) and *R.* 5:20–1(a)(3). Scrutiny of the adequacy of a juvenile complaint is not as strict as the courts' assessment of the sufficiency of an indictment. *State In Interest of W.E.C., supra*, 81 *N.J.* at 448. Lack of specificity in a juvenile complaint, however, cannot be permitted if the juvenile may be misled to his prejudice in the preparation of a defense. *State In Interest of A.R.*, 57 *N.J.* 71, 73 (1970); *State In Interest of A.*, 130 *N.J.Super.* 138, 140 (App.Div.1974).

In the present case the juvenile argued successfully that unless the State alleged more specific dates, he would be unable to properly defend himself. He argued that he had an alibi defense for part of the time, but he would not be able to raise that defense unless more specific dates were alleged. We agree with the trial judge that a 20 month period made it

practically impossible for the juvenile to defend himself. While we recognize the need to balance competing considerations of special problems related to young victims of sexual or other physical abuse, see *State v. Sheppard,* 197 *N.J.Super.* 411 (Law Div.1984), with a juvenile offender's fundamental due process requirements, we are completely satisfied that in the present case the scales of justice tilted in favor of requiring more specific dates. Even though time is not an essential element of the alleged sexual assaults, defendant has demonstrated the substantial prejudice he will suffer if placed on trial without a more exact statement of the dates. In connection with the prejudice arising from inexact dates in an indictment, see *State v. Kuske,* 109 *N.J.Super.* 575 (App.Div.), certif. den. 56 *N.J.* 246 (1970); *State v. Davis,* 6 *N.J.Super.* 162 (App.Div. 1950).

The amended complaint alleged that the sexual assault occurred on "diverse dates in January 1983 through August 1984." If the State can establish beyond a reasonable doubt that a sexual assault occurred on any date, that would sustain a finding of juvenile delinquency under *N.J.S.A.* 2A:4A–23. Only a single finding of delinquency can be made on the single complaint. Consequently, proof of numerous incidents would only buttress a finding of delinquency. In the circumstances, we discern no reason to permit the State to use the "shotgun" approach if the victim and the State's other proofs cannot demonstrate the dates in advance of trial.

We therefore affirm the dismissal of the complaint as amended. That portion of the order which dismissed the complaint with prejudice is vacated. The State may move before the Family Part within 30 days of this decision to amend the complaint to specify one or more exact dates on which an alleged sexual assault was perpetrated. If such motion is made, it should be freely granted. Failure to amend the complaint as provided herein, shall result in a dismissal with prejudice. We do not retain jurisdiction.