156

[No. 54123-4-I. Division One. April 25, 2005.]

THE STATE OF WASHINGTON, *Appellant*, v. STEPHEN ROBERT HEAVEN, *Respondent*.

*Janice E. Ellis, Prosecuting Attorney*, and *Charles F. Blackman, Deputy*, for appellant.

*Dana M. Lind* (of *Nielsen, Broman & Koch, P.L.L.C.*), for respondent.

¶1 COLEMAN, J. — Stephen Robert Heaven was tried on three counts of child molestation.[1] During the trial, the State presented evidence of numerous acts of molestation. The court's instructions required the jury to decide unanimously on at least one of the alleged acts with respect to each count to reach a conviction on that count. The jury acquitted Heaven on two counts but could not reach a verdict on the third. The trial court declared a mistrial on the third count and set a new trial date. Heaven moved for a dismissal on the ground that a new trial would expose him to double jeopardy. The trial court granted the dismissal, and the State appeals. We affirm because a new trial on the third count would place Heaven in jeopardy of conviction for alleged acts of molestation for which he has already been acquitted.

## FACTS

¶2 The State charged Stephen Robert Heaven with three counts of child molestation in the third degree. In each count, the State alleged that between January 1, 2001, and January 7, 2002, Heaven had sexual contact with D.H., a

---

[1] COUNT I: CHILD MOLESTATION IN THE THIRD DEGREE, committed as follows: That the defendant, on or about the 1st day of January, 2001 through the 7th day of January, 2002, on an occasion separate and distinct from Count II and Count III, did have sexual contact with D.H. (DOB: 03/24/86), who was at least fourteen years old but less than sixteen years old and not married to the defendant and the defendant was at least forty-eight months older than D.H.; proscribed by RCW 9A.44.089, a felony.

COUNT II: CHILD MOLESTATION IN THE THIRD DEGREE, committed as follows: That the defendant, on or about the 1st day of January, 2001 through the 7th day of January, 2002, on an occasion separate and distinct from Count I and Count III, did have sexual contact with D.H. (DOB: 03/24/86), who was at least fourteen years old but less than sixteen years old and not married to the defendant and the defendant was at least forty-eight months older than D.H.; proscribed by RCW 9A.44.089, a felony.

COUNT III: CHILD MOLESTATION IN THE THIRD DEGREE, committed as follows: That the defendant, on or about the 1st day of January, 2001 through the 7th day of January, 2002, on an occasion separate and distinct from Count I and Count II, did have sexual contact with D.H. (DOB: 03/24/86), who was at least fourteen years old but less than sixteen years old and not married to the defendant and the defendant was at least forty-eight months older than D.H.; proscribed by RCW 9A.44.089, a felony.

Clerk's Papers at 70-71.

minor, in violation of RCW 9A.44.089. The information did not identify specific acts or segregate charging periods among the three counts.

¶3 At trial, the State presented evidence that Heaven had touched or caressed D.H.'s breasts many times, that on at least one occasion he touched her vaginal area over her clothes, and that on one occasion he sat behind her and made pressing motions with his pelvis against her back while she was seated at her computer. The State chose not to elect which alleged acts of molestation to rely on for conviction on the three counts. In accordance with our Supreme Court's decision in *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), the court instructed the jury that it must agree unanimously on one or more alleged acts to convict. Instruction 12 reads,

> There are allegations that the defendant committed acts of Child Molestation in the Third Degree on multiple occasions. To convict the defendant, one or more particular acts must be proved beyond a reasonable doubt and you must unanimously agree as to which act or acts have been proved beyond a reasonable doubt. You need not unanimously agree that all the acts have been proved beyond a reasonable doubt.

The court did not employ special verdict forms, and none was requested. In closing arguments, the prosecutor told the jury, "You have at your disposal numerous allegations, numerous allegations of touching of intimate parts. . . . You don't have to find how many times he did this, because the State has only charged three incidents. You get to decide which incidents." Verbatim Report of Proceedings (VRP) (Jan. 22, 2004) at 173. The prosecutor then said,

> Now, you may recall when I came to you before in opening statement, I identified some incidents that you could assign to different counts. You could say all of the breast touches were one count and you could say the vagina touch the victim was anticipated to talk about was another count and the humping motion the defendant made in early January of '02 was the third count. Things don't always work out exactly as planned. One of the realities of a real trial as opposed to a TV script is

you see the case as it unfolds, and I'll be the first to say that one of the things that the victim said when she testified was she thought she might have been 13 when the vagina touch occurred and clearly, that puts it outside the charging period if she was 13. And so if he did that when she was a younger girl, then that might be a reason to doubt that the crime occurred in the charging period, the charging period being January 1st of '01 to January 7th of '02. However, in this case it hardly matters, because you have so many intimate part touchings, sexual touchings, even in that last year. There are well over three, because this was going on several times a week in that household.

VRP (Jan. 22, 2004) at 173-74. The prosecutor later said,

[T]here are only three counts in front of you. You can use whichever breast touches you wish. You can use the sexual touching of his groin against her back. The one thing you have to keep in mind is whatever incidents you assign, whatever occurrences you assign to a count, Count 1, 2 or 3, you need to be unanimous about it. But you have at your disposal ample evidence, and when you think it through, when you consider the reasonable explanation and the unreasonable explanation, the inescapable conclusion is that this man is guilty of at least three counts of child molest 3, [sic] and that is why I am asking you to find him guilty.

VRP (Jan. 22, 2004) at 185-86.

¶4 The jury found Heaven not guilty on the first two counts, but could not agree on the third count. The trial court declared a mistrial on the third count and set a date for a new trial. The defense successfully moved for a dismissal on the ground that a new trial would constitute double jeopardy. The State appeals.[2]

### ANALYSIS

¶5 Article I, section 9 of the Washington Constitution prohibits the State from twice putting a defendant on trial for the same offense; so does the fifth amendment to

---

[2] The parties have not cited, nor has our research uncovered, any case precisely presenting these facts.

the United States Constitution, made applicable to the states through the fourteenth amendment. The state and federal double jeopardy clauses offer the same scope of protection. *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 49, 75 P.3d 488 (2003). This doctrine reflects a deeply ingrained principle of Anglo-American jurisprudence.

> [T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-88, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957).

¶6 The prohibition against double jeopardy bars trial if three elements are met: (a) jeopardy previously attached, (b) jeopardy previously terminated, and (c) the defendant is again in jeopardy for the same offense. *State v. Corrado*, 81 Wn. App. 640, 645, 915 P.2d 1121 (1996). As a general rule, jeopardy attaches in a jury trial when a jury is sworn in, and it terminates with a verdict of acquittal. *Corrado*, 81 Wn. App. at 646-47. For this reason, jeopardy has attached and terminated on the two counts for which the jury acquitted Heaven. A court cannot retry Heaven on the offenses for which he was acquitted without violating his right against double jeopardy.

¶7 Unfortunately, the record does not indicate the specific offenses for which the jury acquitted Heaven. The charging document did not refer to specific acts, and it did not segregate charging periods among the three counts. The State came close to informing the jury which acts to rely upon when the prosecutor told jurors, "You could say all of the breast touches were one count and you could say the vagina touch the victim was anticipated to talk about was another count and the humping motion the defendant made in early January of '02 was the third count." VRP (Jan. 22, 2004) at 173. But the State ultimately chose not to elect particular acts to be relied upon for conviction on each

count. The court issued a *Petrich* instruction to the jury. Consistent with the Supreme Court's holdings in *Petrich*, the instruction required the jurors to agree unanimously as to which act or acts have been proved beyond a reasonable doubt. Such instructions protect a defendant's right to be convicted only when a jury concludes unanimously that a criminal act charged in the information has been committed. *Petrich*, 101 Wn.2d at 569. In the absence of a special verdict and because of the State's decision not to elect, we do not know what allegations the jury based its acquittals on in two of the counts.

¶8 We recognize that jeopardy has not terminated on the third count. But nothing would preclude a new jury from convicting Heaven for alleged incidents for which he already has been acquitted in the first two counts. The State correctly contends that Heaven can establish only a possibility, not a certainty, that a new jury would base a conviction on an allegation for which the first jury acquitted him. But this possibility is sufficient to constitute double jeopardy. We therefore agree with Heaven that a new trial on the third count would constitute double jeopardy and affirm the dismissal of the State's case.

¶9 The State contends that under the doctrine of collateral estoppel, Heaven must demonstrate what specific acts the jury acquitted on in order to foreclose consideration of those acts in the retrial on count III. A criminal defendant may assert a defense of collateral estoppel when the defendant faces relitigation of an issue already determined at a previous proceeding. *Dowling v. United States*, 493 U.S. 342, 347-48, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990); *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). Under this doctrine, a defendant seeking to foreclose relitigation of an issue on the basis of a previous general verdict of acquittal must demonstrate that the jury in the previous proceeding based its acquittal on the same issue. *Dowling*, 493 U.S. at 350.

¶10 For example, in *Ashe*, a group of armed robbers held up six participants in a poker game. *Ashe*, 397 U.S. at

437-38. The State alleged that Ashe was one of the robbers and charged him with one count of armed robbery for each of the six poker players. *Ashe*, 397 U.S. at 437-38. Ashe was brought to trial on one of the six armed robbery counts, and the jury acquitted him. *Ashe*, 397 U.S. at 438-39. The record demonstrated that only one conceivable issue was in dispute at trial, and that was whether Ashe was one of the robbers. *Ashe*, 397 U.S. at 445. The Court ruled that the jury determined by its general verdict of acquittal that Ashe was not one of the robbers and that the doctrine of collateral estoppel, implicit in the double jeopardy clause, prohibited the State from relitigating this issue by bringing Ashe to trial for another of the armed robbery counts. *Ashe*, 397 U.S. at 446. In *Dowling*, the defendant faced trial for burglary, attempted robbery, assault, and weapons offenses in connection with the entry of Dowling and another man onto the property of Vena Henry, but the jury acquitted him on all charges. *Dowling*, 493 U.S. at 344-45. Dowling also faced a subsequent trial for a separate incident of bank robbery. *Dowling*, 493 U.S. at 344-45. At the bank robbery trial, the government sought to introduce testimony from Henry about Dowling's entry onto her property as circumstantial evidence of Dowling's guilt in the bank robbery. *Dowling*, 493 U.S. at 344-45. Dowling sought to prevent this testimony under the doctrine of collateral estoppel on the ground that the jury in the first trial acquitted him of the charges arising from the entry onto Henry's property. But the Court ruled that the collateral estoppel doctrine did not prohibit the use of Henry's testimony, as the jury in the first trial might have acquitted Dowling on issues not addressed by Henry. *Dowling*, 493 U.S. at 347-52.

¶11 The defendants in *Ashe* and *Dowling* sought to preclude relitigation of only those particular issues already considered at previous proceedings. In that context, a court would naturally require a defendant moving to foreclose consideration of an issue to demonstrate that the ultimate decision in a previous proceeding rested upon the issue that a defendant seeks to foreclose. But the defendants of *Ashe*

and *Dowling* did not face the jeopardy of conviction for a crime for which they already had been acquitted. A second trial for Heaven would place him in this jeopardy.

¶12 Although the doctrine of collateral estoppel and double jeopardy bear some similarities, it must be remembered that this is a double jeopardy case. The State is seeking to submit all of the evidence of sexual molestation submitted in the first trial even though consideration of this evidence resulted in two acquittals. This it cannot do. When the State charges in the manner employed here and does not make an election or request specific verdict forms for the three counts, it necessarily assumes the risk of a double jeopardy bar. There is simply no way for a defendant to establish what issues the jury determined. And to impose such a requirement under these circumstances would work an injustice and run afoul of the double jeopardy clause. Heaven has met his burden insofar as he demonstrates that a retrial on the third count would place him in jeopardy of conviction for alleged crimes for which the first jury acquitted him.

¶13 The State also argues that if a second jury convicts Heaven on an allegation for which the first jury acquitted him, the second jury would merely be returning an inconsistent but constitutionally permissible verdict. We disagree. The problem of inconsistent verdicts arises in situations in which the threat of double jeopardy does not appear but verdicts appear to be logically incompatible, such as when a jury simultaneously returns a guilty verdict on one charge and an acquittal on a predicate offense against the same defendant or when two juries convict one codefendant and acquit another codefendant in separate trials on the same set of facts. *State v. Mullin-Coston*, 152 Wn.2d 107, 117-18, 95 P.3d 321 (2004); *State v. Goins*, 151 Wn.2d 728, 92 P.3d 181 (2004) (citing *United States v. Powell*, 469 U.S. 57, 68-69, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984)); *Dunn v. United States*, 284 U.S. 390, 392-93, 52 S. Ct. 189, 76 L. Ed. 356 (1932). A retrial of Heaven would do more than raise the possibility of inconsistent verdicts. It would place

Heaven on trial for incidents for which he has been acquitted and therefore would amount to double jeopardy.

¶14 We recognize the need for prosecutorial discretion in charging decisions, particularly in cases involving crimes against children. As our Supreme Court noted in *Petrich*, the State often must take into account the ability of a child to testify to specific times and places when it decides how to charge a defendant. *Petrich*, 101 Wn.2d at 572. To avoid the possibility of future double jeopardy in cases such as this, the State can decide after testimony to elect particular incidents it is relying on for consideration by the jury, and it can request the trial court to submit special verdicts requiring the jury to identify the act or acts upon which it relies for each verdict.

¶15 In conclusion, we affirm the trial court's dismissal of the retrial of Heaven on the third count, as a retrial would constitute double jeopardy as to the alleged acts for which a jury acquitted Heaven on the first two counts.

ELLINGTON, A.C.J., and APPELWICK, J., concur.