**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2858-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID L. MORTIMER,

     Defendant-Appellant.

_____

        Submitted February 9, 2021 – Decided February 25, 2021

        Before Judges Haas and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 19-08-0300.

        The McDonough Law Office, attorneys for appellant (Martin T. McDonough, of counsel and on the briefs).

        John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After the trial judge denied his motion to dismiss the indictment based upon his contention that the State violated his constitutional right to a speedy trial, defendant David L. Mortimer pled guilty to fourth-degree operating a motor vehicle while his license was suspended after multiple driving while intoxicated (DWI) convictions.  N.J.S.A. 2C:40-26(b).  The judge sentenced defendant to a mandatory term of 180 days in jail without parole and imposed appropriate fines and penalties.[1]

On appeal, defendant raises the following contention:

> I.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR DELAY BECAUSE THE TRIAL COURT FAILED TO APPLY THE BALANCING TEST FOR SUCH CIRCUMSTANCES SET FORTH BY THE UNITED STATES SUPREME COURT AND THE NEW JERSEY SUPREME COURT.

Having considered this argument in light of the record and applicable law, we affirm.

On March 4, 2009, defendant's driver's license was suspended for ten years following his fourth conviction for DWI under N.J.S.A. 39:4-50.  During this period of suspension, a state trooper pulled defendant over while he was

---

[1]  The judge granted defendant "ROR bail" pending appeal from the denial of his motion to dismiss the indictment.

driving and issued him summonses for driving while suspended in violation of N.J.S.A. 39:3-40 and failing to exhibit a driver's license in violation of N.J.S.A. 39:3-29. On February 25, 2018, a municipal prosecutor filed a complaint charging defendant with fourth-degree operating a motor vehicle during a period of suspension for a second or subsequent DWI in violation of N.J.S.A. 2C:40-26(b). The case was then transferred to the Salem County Prosecutor's Office.

On June 19, 2018, defendant applied for admission to the pre-trial intervention (PTI) program. The Criminal Division Manager denied the application because defendant had previously been granted a conditional discharge on another matter. On June 29, 2018, defendant filed an appeal of this decision to the Law Division. The prosecutor opposed defendant's appeal in a July 6, 2018 letter. A judge denied defendant's application on September 14, 2018.

On August 14, 2019, the Salem County grand jury returned a one-count indictment charging defendant with fourth-degree operating a motor vehicle during a period of suspension for a second or subsequent DWI under N.J.S.A. 2C:40-26(b). On September 12, 2019, defendant filed a motion to dismiss the indictment pursuant to Rule 3:25-3. In pertinent part, this Rule states that "[i]f there is an unreasonable delay in presenting the charge to a grand jury . . . , the

Assignment Judge, or the Assignment Judge's designee, may dismiss the matter sua sponte or on motion of the defendant."  The trial judge heard oral argument on November 1, rendered an oral decision denying defendant's motion on November 15, and issued a written order and decision on November 18, 2019.

By way of background, the Sixth Amendment to the United States Constitution and Article I of the New Jersey Constitution guarantee criminal defendants the right to a speedy trial.  U.S. Const. amend. VI; N.J. Const. art. I, ¶¶ 1, 10.  This right attaches at the time of the defendant's arrest on a criminal charge.  State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009).

In assessing a defendant's claim of a speedy trial violation, the court must balance the following factors: 1) the length of the delay; 2) the reasons for the delay; 3) whether and how defendant asserted his speedy trial right; and 4) the prejudice to defendant caused by the delay.  Barker v. Wingo, 407 U.S. 514, 530 (1972); State v. Cahill, 213 N.J. 253, 258 (2013) (holding that the Barker analysis is the standard for speedy trials in New Jersey).  These factors are assessed and balanced in light of competing interests: on one side, the "societal right to have the accused tried and punished" and on the other, a defendant's right to be prosecuted "fairly and not oppressively."  State v. Dunns, 266 N.J. Super. 349, 380 (App. Div. 1993) (quoting State v. Farmer, 48 N.J. 145, 175

A-2858-19

(1966)).  "[T]he factors are interrelated, and each must be considered in light of the relevant circumstances of each particular case."  Tsetsekas, 411 N.J. Super. at 10 (citing Barker, 407 U.S. at 533).

Under Barker, the delay's length triggers the analysis, meaning no balancing is necessary unless the delay is presumptively prejudicial.  Barker, 411 N.J. Super. at 530.  The United States Supreme Court has noted that courts generally find that a one-year delay is "presumptively prejudicial" and triggers a speedy trial analysis.  See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).  The New Jersey Supreme Court has held that while a Barker analysis is appropriate if the delay exceeds one year, courts should be mindful that this is a case-by-case analysis, and the nature of the charge should be considered in conjunction with the length of the delay when evaluating the factors.  Cahill, 213 N.J. at 265.  Additionally, our Supreme Court has expressly declined to establish a fixed amount of time in which a defendant must be tried or in which defendant's speedy trial rights are presumptively violated.  Id. at 269.

When analyzing the second factor, the reason for the delay, courts should ask whether the government had justifications for the delay and whether the defendant contributed to the delay.  Barker, 407 U.S. at 531, 534-35.  More neutral circumstances like overcrowding of the courts should be attributed to the

A-2858-19

government but should be weighed less heavily than a more deliberate delay. Ibid. "Delay caused or requested by the defendant is not considered to weigh in favor of finding a speedy trial violation." State v. Farrell, 320 N.J. Super. 425, 446 (App. Div. 1999).

The third factor, whether the defendant asserted his speedy trial right, is given strong weight because while the defendant is not obligated to assert the right, "[t]he more serious the deprivation, the more likely a defendant is to complain." Barker, 407 U.S. at 531. "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Id. at 532. Despite this negative inference, a speedy trial claim is not entirely waived if the defendant fails to raise it. State v. Szima, 70 N.J. 196, 200 (1976); see also Cahill, 213 N.J. at 266 (noting that a defendant is not obligated to raise his right because he is not obligated to bring himself to trial).

Finally, when evaluating prejudice, the fourth factor, courts should consider three main interests: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532. Witness' loss of memory or unavailability are the most serious prejudicial factors, but memory loss by its nature is difficult to establish and for that reason may not be reflected in the

6                                                                                    A-2858-19

record.  Ibid.  New Jersey courts have additionally considered employment interruptions, public criticism, and financial difficulties that result from an excessive delay.  Farrell, 320 N.J. Super. at 446.

In the present case, the trial judge applied and balanced each of the four Barker factors.  Starting with the first factor, the judge found that defendant's right to a speedy trial attached on February 25, 2018 when the municipal prosecutor filed a complaint charging defendant with violating N.J.S.A. 2C:40-26(b).  Thus, almost eighteen months passed before the grand jury indicted defendant on this charge on August 14, 2019.

In attempting to explain the reasons for the delay under factor two of the Barker test, the prosecutor pointed to the time it took to: (1) resolve defendant's PTI application; (2) determine whether defendant's prior convictions were covered by the Supreme Court's decision in State v. Cassidy, 235 N.J. 482 (2018)[2]; and (3) obtain the records of defendant's convictions from other counties.  However, the judge found that none of these excuses adequately

---

[2]  In Cassidy, the Court ruled that all blood alcohol content results reported by Alcotest machines calibrated by a specific state trooper between 2008 and 2016 were not scientifically reliable and, therefore, were inadmissible as evidence in DWI prosecutions.  Id. at 497-98.  In the present case, the prosecutor determined that Cassidy did not apply to defendant because his fourth DWI offense, which led to his license suspension in March 2009, occurred in 2001.

explained the delay in obtaining the indictment because the State could have continued its investigation while it opposed defendant's PTI application and could have secured defendant's DWI records more expeditiously than it did. Therefore, the judge did not attribute any of the delay to defendant. At the same time, however, the judge did not find that the State acted deliberately or postponed proceeding before the grand jury for tactical reasons.

Turning to the third Barker factor, the judge found that "defendant concede[d] . . . [he filed] no motion during the period between [his] arrest and indictment questioning or challenging the delay."

Concluding her analysis, the judge found that the fourth Barker factor, whether defendant suffered any prejudice from the delay, was "a critical one." Defendant was not incarcerated at any time while the case was pending. He also acknowledged that his defense was not prejudiced by the delay. As the judge explained, "[n]o evidence has been provided to suggest that any witness is no longer available or that any documentary evidence has been lost due to the passage of time." Defendant did not submit a certification or affidavit describing in specific detail any anxiety, loss of employment opportunities, public scorn, or financial difficulties caused by the delay. Nevertheless, the

A-2858-19

judge found that "defendant undoubtedly experienced a level of anxiety, concern and frustration from the [eighteen months] of uncertainty that the delay caused."

After evaluating and balancing each of the four Barker factors, the judge concluded that even though she found the eighteen-month delay "to be both unacceptable and unexplained[,]" defendant's motion to dismiss the indictment should be denied. In so ruling, the judge found that the complete absence of any "tangible evidence of prejudice to [defendant's] ability to defend this case" was entitled to the most weight in the balancing test and required the denial of defendant's motion. This appeal followed.

On appeal, defendant argues that the judge gave too much weight to the fourth Barker factor in denying his motion to dismiss the indictment. We disagree.

The decision whether to dismiss an indictment lies within the discretion of the trial judge and "will only be overturned upon a showing of a mistaken exercise of that discretion." State v. Lyons, 417 N.J. Super. 251, 258 (App. Div. 2010). The judge's decision should not be disturbed on appeal unless the judge's discretion was "clearly abused." State v. Hogan, 144 N.J. 216, 229 (1996). "A trial [judge's] decision will constitute an abuse of discretion where 'the decision [was] made without a rational explanation, inexplicably departed from

established polices, or rested on an impermissible basis.'" State v. Salter, 425 N.J. Super. 504, 514 (App. Div. 2012) (second alteration in original) (quoting State v. Triestman, 416 N.J. Super. 195, 202 (App. Div. 2010)). In short, we will not overturn a trial judge's decision whether a defendant was deprived of due process on speedy trial grounds unless the judge's ruling was "clearly erroneous." State v. Merlino, 153 N.J. Super. 12, 17 (App. Div. 1977).

Applying these principles, we discern no basis for disturbing the trial judge's comprehensive decision to deny defendant's motion to dismiss the indictment, and affirm that ruling substantially for the reasons set forth therein. We add the following brief comments.

Contrary to defendant's contention, the judge properly considered each of the four Barker factors. While she gave the greatest weight to the lack of prejudice suffered by defendant due to the State's delay in obtaining the indictment, she fully considered the other three interrelated factors "in light of the relevant circumstances" of the present case. Tsetsekas, 411 N.J. Super. at 10. The judge also explained her rationale for weighing the absence of prejudice more heavily than the length of and reasons for the delay in her analysis. Simply stated, defendant suffered no actual prejudice whatsoever from the delay. He was never incarcerated during the pendency of the charge against him and there

is no suggestion that his defense was impaired by the delay. While the defendant may have experienced a "level of anxiety, concern and frustration" during the months between the filing of the criminal complaint and the indictment, he provided no specific details concerning this claim.

In sum, the judge carefully considered the conduct of both the State and defendant. The judge applied the correct standard for evaluating a motion to dismiss an indictment on speedy trial grounds, thoroughly reviewed the parties' arguments, and engaged in a detailed analysis of all four Barker factors. As in Merlino,

> the judge . . . undertook the difficult task of balancing all the relevant factors relating to the respective interests of the State and the defendant[,] applied [her] subjective reactions to the particular circumstances and arrived at a just conclusion. Such a determination at the trial level should not be overturned unless clearly erroneous.

[Merlino, 153 N.J. Super. at 17 (citations omitted).]

We are satisfied the judge's denial of defendant's motion to dismiss the indictment was neither clearly erroneous nor an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11