271 N.J. Super. 397 (1994)
638 A.2d 918
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SHERRI M. CAPAK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 3, 1993.
Decided March 18, 1994.
*398 Before Judges BRODY, STERN and KEEFE.
*399 Zulima V. Farber, Public Defender, attorney for appellant (Thomas Menchin, First Assistant Public Defender, of counsel and on the letter brief).
Fred DeVesa, Acting Attorney General, attorney for respondent (Larry R. Etzweiler, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
After her motion to dismiss the indictment was denied, defendant pled guilty to an attempt to acquire a controlled dangerous substance by fraud, N.J.S.A. 2C:5-1 and 2C:35-13, preserving her claim that the criminal prosecution was barred on double jeopardy grounds. R. 3:9-3(c). The indictment, filed on August 8, 1989, was returned after defendant's prior guilty plea in the Spring Lake Heights Municipal Court to a complaint which charged that on September 24, 1988 defendant committed a "theft upon Dr. Thomas Leonhardt by knowingly depriving him of one prescription note sheet, and using that note sheet in a fraudulent manner," in violation of N.J.S.A. 2C:20-3.[1] The municipal court guilty plea was entered on December 14, 1988. Defendant was sentenced that day to probation for one year and to pay a $50 fine and $25 in costs. She received probation for two years and was ordered to pay DEDR and VCCB penalties and a lab fee on the criminal conviction which gives rise to this appeal.
The indictment alleged that on October 24, 1988 defendant attempted "to acquire or obtain possession of a controlled dangerous substance, namely Percocet, by misrepresentation, fraud, deception or subterfuge, contrary to the provisions of N.J.S. 2C:5-1 and N.J.S. 2C:35-13." In giving a factual basis for her guilty plea *400 to the indictment in the Law Division, defendant admitted taking a "prescription sheet from [her] doctor" and that she "wrote on it and ... tried to obtain drugs that way."
On this appeal defendant argues:
POINT I PROSECUTION OF THE INDICTMENT IS BARRED BY THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 11 OF THE NEW JERSEY CONSTITUTION.
Particularly since Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), courts have recognized that "the defense of double jeopardy is available to a defendant, even though the first trial was in a municipal court, as is here the case." State v. Ebron, 61 N.J. 207, 215, 294 A.2d 1 (1972). See also State v. DeLuca, 108 N.J. 98, 527 A.2d 1355 (1987), cert. denied 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Dively, 92 N.J. 573, 458 A.2d 502 (1983). Defendant argues that the municipal court disposition in these circumstances bars prosecution of the subsequent indictment by virtue of three United States Supreme Court decisions. First she claims that as "[t]he fraud that she committed was presenting the prescription form with the forged signature of the doctor to the drug store," the indictable prosecution for fraud is barred by Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Defendant claims that the prosecution is also barred by Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), and Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), because both prosecutions involve the same "conduct." Defendant refers to these cases in support of her claim that the indictable prosecution is barred because the federal and state constitutions prohibit placing a defendant twice in "jeopardy" for "the same offense." U.S.C.A. Const. amend. V; N.J. Const. art I, ¶ 11.[2]
*401 Under Blockburger, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger, supra, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. In Vitale, the Court interpreted Blockburger by stating:
We recognized that the Blockburger test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial. Thus we stated that if "`each statute requires proof of an additional fact which the other does not,' Morey v. Commonwealth, 108 Mass. 433, 434 (1871)," the offenses are not the same under the Blockburger test.
[Illinois v. Vitale, supra, 447 U.S. at 416, 100 S.Ct. at 2265, 65 L.Ed.2d at 235.]
Grady held "that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady, supra, 495 U.S. at 510, 110 S.Ct. at 2087, 109 L.Ed.2d at 557 (footnote omitted).
Here the conduct involved in the criminal prosecution did not involve the theft for which defendant had pled guilty in the municipal court.[3] The non-indictable theft may have encompassed the means by which defendant obtained the prescription pad, but the indictable prosecution related to her subsequent use of the pad in an illegal manner. The non-indictable offense dealt with a theft from the office of Dr. Leonhardt in Spring Lake Heights on September 24, 1988. The indictment related to defendant's endeavor to obtain CDS on October 24, 1988 in Brick Township. *402 This case therefore deals with isolated events, not a single event which was the subject of multiple prosecutions in Vitale and Grady. See also State v. DeLuca, supra, 108 N.J. 98, 527 A.2d 1355; State v. Dively, supra, 92 N.J. 573, 458 A.2d 502.
In any event, in United States v. Dixon, 509 U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), a majority of the United States Supreme Court has overruled Grady. See 509 U.S. at ___-___, 113 S.Ct. at 2859-64, 125 L.Ed.2d at 572-78 (Part IV of Justice Scalia's opinion joined by Chief Justice Rehnquist and Justices O'Connor and Thomas, 509 U.S. at ___, ___, 113 S.Ct. at 2865, 2868, 125 L.Ed.2d at 579, 583, and by Justice Kennedy). Under Dixon, which deems the Blockburger "same elements" test as controlling, the constitutional inquiry is described as "whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. at ___, 113 S.Ct. at 2856, 125 L.Ed.2d at 568. Under that test there would clearly be no bar here. We nevertheless have dealt at length with Vitale and Grady because neither party has supplemented their briefs by reference to Dixon and because we must examine if the opinions of the New Jersey Supreme Court which considered pre-Dixon precedent require us to reach a different result.
Our Supreme Court has not interpreted the constitutional protection against double jeopardy to prohibit prosecution of the indictable offense in these circumstances. In State v. Yoskowitz, 116 N.J. 679, 563 A.2d 1 (1989), defendant pled guilty in Livingston Municipal Court to filing a false police report relating to the fabricated theft of his automobile which was reported as stolen in order to obtain insurance proceeds. Defendant was subsequently indicted in Union County for attempted theft by deception and arson. The theft was related to defendant's false insurance claim, and the arson was premised on arson evidence of defendant's participation in the destruction of the vehicle. Yoskowitz was decided before Grady, and our Supreme Court noted its prior *403 consideration in Dively and DeLuca of the impact of Vitale on Blockburger. In DeLuca, the Court "established that a second prosecution will be barred if either the `elements' test or the `evidence' test is satisfied." Yoskowitz, supra, 116 N.J. at 691, 563 A.2d 1. Hence, Yoskowitz properly read Vitale to expand on Blockburger. See also State v. Churchdale Leasing, Inc., supra, 115 N.J. at 106, 557 A.2d 277; State v. DeLuca, supra, 108 N.J. at 107-108, 527 A.2d 1355; State v. White, 248 N.J. Super. 515, 518-23, 591 A.2d 954 (App.Div. 1991). The Yoskowitz Court, applying "the two-prong double-jeopardy analysis of DeLuca," upheld the criminal prosecution because "defendant fail[ed] to satisfy either the `elements' or `evidence' tests."[4]Yoskowitz, supra, 116 N.J. at 692, 563 A.2d 1.
As already noted, our state constitution must be interpreted to accord the same protection as the federal double jeopardy clause. State v. DeLuca, supra, 108 N.J. at 101-102, 527 A.2d 1355; State v. Barnes, supra, 84 N.J. at 370, 420 A.2d 303; State v. Rechtschaffer, supra, 70 N.J. at 404, 360 A.2d 362. See also State v. Dillihay, 127 N.J. 42, 47, 601 A.2d 1149 (1992); State v. Churchdale Leasing, Inc., supra, 115 N.J. at 107, 557 A.2d 277, noting that the interpretation of our "State Constitution as coextensive with the federal clause ... evolved ... in the context of multiple prosecutions, not multiple penalties." We therefore do not read DeLuca or Yoskowitz as requiring adherence to the DeLuca test in light of Dixon. However, to the extent DeLuca and Yoskowitz may be understood to embody state constitutional *404 principles, until our Supreme Court holds otherwise, we do not find that the two prosecutions in this case involve the same "conduct" or that the second prosecution was barred. See also State v. Catanoso, 269 N.J. Super. 246, 266-67, 635 A.2d 512 (App.Div.), certif. denied 134 N.J. 563, 636 A.2d 521 (1993); State v. White, supra, 248 N.J. Super. at 521-22, 591 A.2d 954.
We also note that there is no statutory bar to the second prosecution. As the first disposition involved a non-indictable matter in Monmouth County, it could not have been joined at the time of disposition with the criminal offense in Ocean County. See Yoskowitz, supra, 116 N.J. at 699-704, 563 A.2d 1. Hence, there is no bar to reprosecution based on the failure to join the separate offenses. See N.J.S.A. 2C:1-8b; 2C:1-10a(2); R. 3:15-1(b). See also N.J.S.A. 2C:1-10a(3) (employing the Blockburger test to determine whether there is a bar to subsequent prosecution for a different statutory offense). See also State v. Muniz, 118 N.J. 319, 571 A.2d 948 (1990). Although R. 3:15-3(a) now requires joinder of non-indictable offenses with indictables involving "the same conduct or arising from the same episode," this rule was effective September 1, 1992, long after the disposition of the municipal court (and criminal) charges. See also R. 3:15-3(c) on the consequences of the failure to join.
The judgment is affirmed.
NOTES
[1] As the State points out, actual use of the prescription pad is not an element of theft of moveable property. We do not know why the allegation with respect to use was contained in the complaint, and, as hereinafter noted, we have not been supplied with a transcript of the municipal court plea.
[2] Our state constitution literally protects only against reprosecution "after acquittal," N.J. Const. art. I, ¶ 11, but has been consistently interpreted to be coextensive with, and to provide no greater protection than, the federal double jeopardy clause. See, e.g., State v. Churchdale Leasing, Inc., 115 N.J. 83, 107, 557 A.2d 277 (1989); State v. DeLuca, supra, 108 N.J. at 101-102, 527 A.2d 1355; State v. Barnes, 84 N.J. 362, 370, 420 A.2d 303 (1980); State v. Rechtschaffer, 70 N.J. 395, 404, 360 A.2d 362 (1976).
[3] Defendant has the burden of proving her double jeopardy claim, and in the absence of production by her of the transcript of the municipal court proceedings we do not know what facts were relied on in obtaining the factual basis for her plea. As the elements of the two offenses for which defendant was convicted differ, and each requires proof of a fact the other does not, defendant has not sustained her burden. See State v. Ebron, supra, 61 N.J. at 215-18, 294 A.2d 1 (1972).
[4] The Yoskowitz Court remanded for consideration of whether the criminal prosecution was barred "under the unique circumstances of [the] case," 116 N.J. at 708, 563 A.2d 1, because of the possibly reasonable expectation that the municipal court prosecution was intended to constitute a disposition of all related matters. Yoskowitz certified that, in light of conversations with Union County detectives, he "believed and expected that the entire matter had been disposed of" by his plea to "filing false police reports." Id. at 688, 563 A.2d 1. Here defendant makes a purely double jeopardy argument and does not rely on Yoskowitz, and produced no similar record to support her "reasonable expectations" argument.