7 A.3d 797 (2010)
416 N.J. Super. 622
STATE of New Jersey, Plaintiff-Appellant,
v.
Donald R. HAND, Defendant-Respondent.
No. A-3901-09T3.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 2010.
Decided November 29, 2010.
*798 J. Vincent Molitor, Assistant Prosecutor, argued the cause for appellant (Robert L. Taylor, Cape May County Prosecutor, attorney; Mr. Molitor, of counsel and on the brief).
Respondent has not filed a brief.
Before Judges FISHER, SAPP-PETERSON and SIMONELLI.
The opinion of the court was delivered by
SAPP-PETERSON, J.A.D.
In this appeal by the State, we determine whether a guilty plea to fourth-degree creating a risk of widespread injury or death, N.J.S.A. 2C:17-2(c), precluded defendant's subsequent prosecution in municipal court for certain motor vehicle offenses. Defendant moved before the municipal court to dismiss the motor vehicle charges on double jeopardy grounds. The municipal judge denied the motion. On appeal de novo to the Law Division, Judge Kyran Connor granted the motion, vacating the guilty pleas and dismissing the complaint on double jeopardy grounds. We affirm.
The underlying facts supporting the indictment occurred on December 18, 2007, when police received a report of a motorist operating his vehicle on a hockey rink at Mulligan Field in Lower Township. Defendant's vehicle nearly struck a group of children. His vehicle collided with several objects, including a concrete barrier, a tree, and two trash receptacles. When the vehicle finally stopped, approximately fifteen men restrained defendant until police arrived. The arresting officer detected a strong odor of alcohol on defendant's breath and observed that defendant's eyes were droopy and watery. Defendant was belligerent both at the scene and later at a *799 local hospital where he was transported for treatment. The Lower Township Police issued summonses to defendant for driving under the influence (DWI), N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and failure to wear a seatbelt, N.J.S.A. 39:3-76.2(f). A complaint was also issued for driving a motor vehicle in a recreational area, in violation of Lower Township Ordinance No. 475-1(E)(1). Laboratory tests performed by the State Police revealed that defendant's blood alcohol content was .237.
On January 29, 2008, a grand jury indicted defendant on a single count of fourth-degree creating a risk of widespread injury or death. The indictment read in pertinent part:
DONALD R. HAND, on or about December 18, 2007, in the Township of Lower, County of Cape May, and within the jurisdiction of this Court, recklessly did create a risk of widespread injury or damage, by operating a motor vehicle in an intoxicated state on a populated athletic field; contrary to . . . N.J.S.A. 2C:17-2(c)[.]
On April 17, 2008, defendant, who was represented by counsel, appeared in Superior Court. His attorney advised the court that defendant would plead guilty to the indictment and that in exchange, the State would recommend a 365-day prison term. In response to this representation, the prosecutor advised the court:
Judge, that is an accurate representation of our agreement. I expect the factual basis, Judge, with regard to this matter . . . would include . . . defendant acknowledging that while highly intoxicated[,] he operated his motor vehicle in an area which was populated by young kids, a recreational area, out off the street onto the grass area[,] placing many of the people there in risk of injury.
The court thereafter personally questioned defendant under oath, and defendant admitted that he had consumed a pint of vodka at a home located near the athletic field. He told the court that he did not know "how [he] got the keys" and did not remember the events, but accepted the accounts of others regarding his behavior. He was subsequently sentenced in accordance with the plea agreement.
The State remanded the traffic summonses to municipal court for disposition. On November 24, 2009, defendant appeared before the Lower Township Municipal Court with counsel. At that time, the prosecutor reported to the court that there "might possibly be a joint motion" to dismiss the DWI charge because she "sort of concur[red] with [defense counsel]'s arguments regarding double jeopardy[.]" The judge disagreed and denied defendant's motion to dismiss the charges. Six days later, defendant pled guilty to the DWI and reckless driving offenses. Noting that this was defendant's seventh DWI conviction, the judge sentenced him to six months incarceration, a ten-year loss of his driving privileges, along with appropriate fines and penalties.
Defendant appealed the conviction to the Law Division, challenging the denial of his motion to dismiss. Judge Connor, citing the "same evidence" test set forth in State v. DeLuca, 108 N.J. 98, 527 A.2d 1355, cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987), reasoned that "defendant's driving while intoxicated was already effectively adjudicated on April 17th, 2008," when defendant pled guilty to the indictable matter. The judge explained further:
[T]o recap just briefly, I am taking into account very specifically the facts of this case where, first of all, the indictment itself seemed to find its focus on intoxicated driving as the only specification of *800 reckless behavior. And also I focus on. . . the prosecutor's . . . articulation that he expected the factual basis to focus on . . . defendant operating his motor vehicle "while highly intoxicated." There was also, in my framework of thinking, something I had really adverted to directly before, and that is that the judge[,] at the pre[-]hearing[,] specifically asked . . . defendant to confirm that he operated his motor vehicle . . . "in an intoxicated state of mind on the occasion in question."
The judge vacated defendant's guilty pleas to reckless driving and DWI and then dismissed the charges. In order to preserve the State's right to appeal, the judge treated the matter as a motion to dismiss pursuant to Rule 3:28(d), based upon double jeopardy grounds, rather than an acquittal on both charges. The State's appeal followed.[1]
The State raises two points for our consideration:
POINT I
THE SAME EVIDENCE TEST SHOULD NOT APPLY TO GUILTY PLEAS.
POINT II
THERE IS NO VIOLATION OF THE PROHIBITION AGAINST DOUBLE JEOPARDY.
The double jeopardy clause of the Fifth Amendment to the United States Constitution provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The clause is made applicable to the states through the due process clause of the Fourteenth Amendment. Our State Constitution, article I, paragraph 11, contains a parallel provision, which provides: "No person shall, after acquittal, be tried for the same offense." See DeLuca, supra, 108 N.J. at 101-02, 527 A.2d 1355. Although the language of the New Jersey Constitution references "acquittal," our Supreme Court has "consistently interpreted the state constitutional double jeopardy protection as co-extensive with the guarantee of the federal Constitution." Id. at 102, 527 A.2d 1355 (citing State v. Dively, 92 N.J. 573, 578, 458 A.2d 502 (1983); State v. Barnes, 84 N.J. 362, 370, 420 A.2d 303 (1980); State v. Rechtschaffer, 70 N.J. 395, 404, 360 A.2d 362 (1976); State v. Wolf, 46 N.J. 301, 303, 216 A.2d 586 (1966)). Hence, the double jeopardy clause affords protection in three contexts: (1) "[it] `protects against a second prosecution for the same offense after acquittal'"; (2) "`[i]t protects against a second prosecution for the same offense after conviction'"; and (3) "`it protects against multiple punishments for the same offense.'" DeLuca, supra, 108 N.J. at 102, 527 A.2d 1355 (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664-65 (1969) (footnotes omitted)). The latter two categories are implicated here.
As the Court discussed in DeLuca, the double jeopardy analysis involves consideration of two prongs: (1) the "same offense" test, which focuses upon the statutory elements of a crime rather than proofs proffered for conviction; or (2), alternatively, the "same evidence" test, which focuses upon whether the same evidence used to prove the first offense is necessary to prove the second offense. DeLuca, supra, 108 N.J. at 107, 527 A.2d 1355 (agreeing with the Appellate Division panel in State v. DeLuca, 208 N.J.Super. 422, 434, 506 A.2d 55 (App.Div.1986), that the Supreme Court in Illinois v. Vitale, 447 U.S. 410, 420-21, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228, 238 (1980), intended *801 the second prong to be an alternative to the first prong).
The statutory elements for creating a risk of widespread injury are: (1) recklessness; and (2) creation of a risk of widespread injury or damage. N.J.S.A. 2C:17-2(c); see also Model Jury Charges (Criminal), "Recklessly Risking Widespread Injury or Damage" (2005). Proof of DWI requires: (1) operation of a motor vehicle; and (2) operation while under the influence of alcohol or an intoxicant. See N.J.S.A. 39:4-50(a); see also State v. Eckert, 410 N.J.Super. 389, 402, 982 A.2d 469 (App. Div.2009). Because different statutory elements are required to prove each offense, there is no dispute that the first prong analysis does not apply to the present matter. Therefore, it is only the second prong or "same evidence" test that is pertinent here.
The State argues that the "same evidence" test should not be applied to guilty pleas. Relying upon In re Seelig, 180 N.J. 234, 850 A.2d 477 (2004), State v. Colon, 374 N.J.Super. 199, 863 A.2d 1108 (App.Div.2005), and State v. Capak, 271 N.J.Super. 397, 638 A.2d 918 (App.Div.), certif. denied, 137 N.J. 164, 644 A.2d 612 (1994), the State contends the prohibition against double jeopardy "was not created to enable a defendant to, by entering a guilty plea to one offense, avoid punishment for the remainder of his misdeeds." Rather, it maintains that the "same evidence" test focuses upon "the actual evidence to be presented at trial." Colon, supra, 374 N.J.Super. at 214, 863 A.2d 1108. The State asserts that had defendant proceeded to trial, in addition to evidence that defendant operated his motor vehicle under the influence, it would have introduced additional facts to establish that defendant created a risk of widespread injury or death. Specifically, it would have introduced evidence that (1) defendant operated his vehicle on an athletic field while adults and children were present; and (2) defendant's vehicle nearly struck several people on the baseball field, hockey rink, and near the concession stands. The State urges this evidence would have been sufficient to prove that defendant recklessly created a risk of widespread injury or death, irrespective of whether he operated his motor vehicle while under the influence of alcohol.
We agree that if presented, such proofs could sustain a conviction for the offense, but what could have occurred is not the test. Rather, it is only what in fact occurred that informs our analysis and decision here. As the Law Division noted, in both the indictment and at the time defendant pled guilty to the indictment, it was defendant's operation of the motor vehicle under the influence that formed the "essential facts constituting the crime charged" in the indictment and defendant's subsequent guilty plea. R. 3:7-3(a). ("The indictment ... shall be a written statement of the essential facts constituting the crime charged."). His guilty plea "leading to a judgment of conviction has the force of an admission of guilt on the charge based on [his] sworn factual statement[.]" State, Dep't of Law & Pub. Safety v. Gonzalez, 142 N.J. 618, 630, 667 A.2d 684 (1995). "It is unthinkable that the Legislature would intend that judgments of conviction should be treated differently depending on whether they resulted from guilty pleas or trials." Ibid. We therefore reject the narrow interpretation advanced by the State that the "same evidence" test should only apply to trials.
Vitale, supra, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228, involved a guilty plea. There, the defendant had previously pled guilty to failure to slow to avoid an accident. The Supreme Court held that the defendant's subsequent prosecution for *802 manslaughter would be barred if the defendant's failure to slow to avoid an accident was the reckless act upon which the prosecution would rely to prove the manslaughter. Id. at 421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238.
Likewise, in the present matter, defendant's operation of his motor vehicle under the influence was expressly included as part of the underlying facts constituting the offense as set forth in the indictment. Further, the State required, as part of defendant's plea to the indictment, that he acknowledge operation of his motor vehicle under the influence. Thus, as in Vitale, defendant's subsequent prosecution for DWI would be barred because proof that defendant operated his motor vehicle under the influence required the same proofs that the State relied upon to establish the greater offense. Vitale, supra, 447 U.S. at 421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238; DeLuca, supra, 108 N.J. at 107-09, 527 A.2d 1355; Dively, supra, 92 N.J. at 581-82, 458 A.2d 502.
The State's reliance upon In re Seelig, Colon, and Capak is misplaced. In re Seelig involved the acceptance of guilty pleas in municipal court from a defendant involved in a motor vehicle accident resulting in the death of two people. In accepting the pleas, the judge failed to comply with Administrative Directive # 10-82, "Action on Cases Involving Possible Indictable Offenses" (May 3, 1983), a directive issued by the Administrative Director of the Courts following our Supreme Court's decision in Dively. In re Seelig, supra, 108 N.J. at 240, 528 A.2d 563. The directive required municipal judges or clerks to notify the county prosecutor of motor vehicle accidents involving death or serious injury in order to afford prosecutors an opportunity to determine whether indictable offenses are involved, and if a decision is made to present the matter before a grand jury, staying municipal court proceedings unless and until further notice from the county prosecutor. Directive #10-82. Substantial defects in the municipal court judge's acceptance of the guilty plea ultimately resulted in an order vacating the guilty pleas. In re Seelig, supra, 180 N.J. at 256-57, 850 A.2d 477. The instant matter does not involve non-compliance with any administrative directive, nor is there any evidence of substantial defects in the Law Division judge's acceptance of the guilty plea.
The language the State quotes in its brief from Colon, supra, 374 N.J.Super. at 214, 863 A.2d 1108, that the "same evidence" test focuses upon "the actual evidence to be presented at trial[,]" refers to our discussion of the double jeopardy clause in the context of the "same elements" test adopted in Blockburger v. United States, 284 U.S. 299, 303-04, 52 S.Ct. 180, 181-82, 76 L.Ed. 306, 309 (1932) and reaffirmed in United States v. Dixon, 509 U.S. 688, 703-12, 113 S.Ct. 2849, 2859-64, 125 L.Ed.2d 556, 572-78 (1993). Although the State argued in Colon that in light of Dixon, only the "same elements" test applied to a double jeopardy analysis, we rejected this more restrictive approach:
As an intermediate appellate court, we are therefore confronted with the difficult determination of whether to adhere to the Court's existing interpretation of federal and state double jeopardy protections, set forth in [State v.] Yoskowitz [, 116 N.J. 679, 563 A.2d 1 (1989);] DeLuca and Dively, or, without significant precedent to suggest that the Court would narrow or restrict the flexibility of its view of double jeopardy to accord with newly-established federal constitutional law, to forecast that it would do so in a state constitutional context. We find the latter course to be presumptuous, and, accordingly, follow Capak in *803 holding that such a determination must be made by the Supreme Court, not by us. We accordingly view defendant's proofs in light of the "same conduct" test in determining whether state constitutional proscriptions against double jeopardy have been violated.
[Colon, supra, 374 N.J.Super. at 216, 863 A.2d 1108.]
Finally, in Capak, supra, the conduct at issue in the indictable matter was different from that implicated in the disorderly persons offenses that had been resolved in municipal court. 271 N.J.Super. at 401, 638 A.2d 918. The non-indictable offense dealt with a theft from the defendant's employer and "encompassed the means by which [the] defendant obtained the prescription pad, but the indictable prosecution related to her subsequent use of the pad in an illegal manner," namely, in the "defendant's endeavor to obtain [a controlled dangerous substance]." Ibid. Consequently, we concluded that the case dealt with "isolated events, not a single event which was the subject of multiple prosecutions" as was the situation in Vitale, supra, and Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Id. at 402, 638 A.2d 918.
In short, although here there were alternative facts that could have been proffered and accepted in order to establish a factual basis for defendant's plea to the indictment, the State elected to limit the "underlying facts constituting the offense" to the DWI. It is therefore precluded from separately prosecuting defendant for DWI. DeLuca, supra, 108 N.J. at 102, 527 A.2d 1355.
Affirmed.
NOTES
[1] The State has not appealed the dismissal of the reckless driving charge.