J-S47025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PHILIP WASHINGTON | : | |
| Appellant | : | No. 1947 EDA 2024 |

Appeal from the PCRA Order Entered July 1, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002325-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PHILIP WASHINGTON | : | |
| Appellant | : | No. 1948 EDA 2024 |

Appeal from the PCRA Order Entered July 1, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002421-2006

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 17, 2025**

Philip Washington appeals *pro se* from the order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: In the early morning hours of Friday, April 21, 2006, police responded to a report of a homicide in the rear parking area of a residence in West Chester Borough.

Once there, police officers found Andre Newton dead of a gunshot wound to the head. Later that day, Washington voluntarily met with investigating officers regarding what he knew about Newton's death. Once the interview ended, Washington left the police station.

On the next morning, Washington entered the college apartment of Tiffany Ford and stabbed her in the abdomen. After he left, Ms. Ford called the police and reported the incident. Later, Washington was taken into custody at the Chester County Hospital, where he had gone for treatment of a knife wound to his hand. Ultimately Washington was charged at No. CP-15-CR-0002325-2006 with attempted murder and related charges ["the attempted murder case").

After being given his *Miranda*[1] rights and waiving them, Washington was questioned about the stabbing. At that time, Washington admitted that he had intended to kill Ms. Ford and then kill himself with a handgun. He then described with specificity where he had hidden the handgun. When asked when he last saw the gun, Washington responded that he saw it after he used the gun to shoot Newton.

Police immediately stopped the interview and Washington was reread his *Miranda* rights regarding Newton's death. He again waived his rights and continued to speak with the police. Washington then provided police with details leading up to Newton's killing. After the interview was ended, the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

police went to the location described by Washington and retrieved the gun. Ultimately, Washington was charged at CP-15-CR-0002421-2006 with criminal homicide and related charges ("the homicide case").

With regard to both cases, Washington filed a single motion seeking to suppress his April 22, 2006 statements to police. Following a hearing, the suppression court denied this motion. Thereafter, the homicide case proceeded to trial. On March 7, 2008, a jury convicted Washington of first-degree murder and related charges. That same day, the trial court imposed an aggregate sentence of life imprisonment plus 2½ to 5 years. Washington did not file a post-sentence motion.

On January 16, 2009, Washington waived his right to a jury trial on the attempted murder case, and the court conducted a stipulated fact trial. That same day, the trial court convicted him of one count of criminal attempt to commit first-degree murder and sentenced Washington to a term of 5 to 10 years to run concurrent to the sentence imposed in the homicide case.

Washington appealed both dockets, but was denied relief. On December 8, 2010, Washington filed a *pro se* PCRA petition, listing both docket numbers. The PCRA court appointed counsel, who later filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter the PCRA court issued a criminal procedure Rule 907 notice of its intent to dismiss Washington's petition without a hearing. Washington filed a response. By order entered December 1, 2011, the PCRA court

dismissed the petition. Washington appealed. On November 8, 2012, we affirmed the PCRA court's order denying Washington post-conviction relief, and, on May 13, 2013, our Supreme Court denied his petition for permission to appeal. **Commonwealth v. Washington**, 63 A.3d 823 (Pa. Super. 2012), *appeal denied*, 7 A.3d 797 (Pa. 2013).

Over the next decade, Washington filed multiple unsuccessful PCRA petitions at each docket, as well as an unsuccessful federal petition for writ of *habeas corpus*. His prior PCRA petitions did not always include both dockets, however. On February 8, 2024, Washington filed the instant PCRA petition at both dockets; his fourth in the attempted murder case, and his fifth in the homicide case. On April 17, 2024, the PCRA court issued a Rule 907 notice of its intent to dismiss Washington's serial petition. Washington filed a response. By order entered June 28, 2024, the PCRA court denied the petition. These appeals followed, which we later consolidated. Both Washington and the PCRA court have complied with appellate Rule 1925.

Washington raises the following two issues on appeal:

1. Whether trial counsel was ineffective for failing to argue and raise on appeal that [Washington's] confession was the result of police coercion?

2. Whether the trial court erred in denying [Washington's] Motion to Suppress his confession of April 26, 2006, and all derivative evidence thereof, by order dated September 12, 2007?

Washington's Brief at 4 (unnumbered).

Before addressing these claims, however, we must first determine whether Washington's serial PCRA petition was timely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Washington's judgment of sentence at both dockets became final in 2010. Because Washington filed the petition at issue in 2024, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Washington has failed to plead let alone prove an exception to the PCRA's time bar. In both his petition and his brief, Washington cites Rule 33 of the Federal Rules of Criminal Procedure as a basis to grant him a new trial in the "interest of justice." Washington's Brief at 1 (unnumbered) (citing ***Commonwealth v. Powell***, 590 A.2d 1240 (Pa. 1991)). This claim entitles him to no post-conviction relief.

"The rationale 'in the interest of justice,' employed to rectify errors which would otherwise result in unfairness, is deeply rooted in both federal jurisprudence and the common law of Pennsylvania." ***Powell***, 590 A.2d at 1242. However, "[t]his concept of 'in the interest of justice' is merely a recognition of the trial court's discretionary power to ensure the fairness of the proceedings during the adjudicatory stage." ***Powell***, 590 A.2d at 1243.[2] This concept has no effect on the timeliness requirements of a post-conviction

---

[2] As noted above, Washington cites the federal counterpart regarding judicial discretion.

petition. Rather, the only exceptions to the PCRA's time bar are the three listed in Section 9545(b)(1)(i-iii) of the statute.

In sum, because Washington's serial petition was untimely, and he failed to plead and prove a time-bar exception, both this Court and the PCRA court lacked jurisdiction to consider its merits. **Derrickson**, **supra**. We therefore affirm the PCRA court's order dismissing Washington's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2025